MARTIN, Circuit Judge,
dissenting:
I would affirm the decision of the District Court in this case, and therefore I write in dissent. Like the District Court, I recognize that when this court reviews the decisions of the Secretary of Health and Human Services, “we must abide by those decisions unless they are arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence in the record taken as a whole.” Fla. Med. Ctr. of Clearwater, Inc. v. Sebelius, No. 09-13922, 614 F.3d 1276, 1280 (11th Cir.2010) (quoting Alacare Home Health Servs., Inc. v. Sullivan, 891 F.2d 850, 854 (11th Cir.1990) (alteration and internal quotation marks omitted)). Under this standard, I believe we are required to abide by the actions taken by Secretary Sebelius here.
As the majority notes, the facts of this case are straightforward: Mr. Burke developed severe bed sores while he was in the care of a nursing home facility. He was hospitalized, and eventually succumbed to multiple-organ failure secondary to sepsis and wound infection. Medicare conditionally paid $38,875.08 for his hospital treatment, subject to reimbursement from any payment made by the nursing home’s liability insurance carrier. After the plaintiffs, through the personal representative of Mr. Burke’s estate, received an undifferentiated settlement of $52,500 from the nursing home’s insurer, Medicare requested that it be reimbursed $22,480.89 for Mr. Burke’s medical expenses. Rather than administratively appeal the agency’s initial determination, however, the plaintiffs proceeded to the Probate Court of Alachua County, Florida, which simply adopted the plaintiffs’ proposed allocation of a mere $787.50 to Medicare and the remaining $51,712.50 to themselves. The Secretary was never made a *1341 party to that proceeding. The Probate Court received no evidence nor any adversarial presentation.
Applying the express provisions of the agency’s Medicare Secondary Payer manual, the Secretary declined to recognize the Probate Court’s allocation because it was not based on a determination of the merits of the case. The Medicare Secondary Payer manual is a lengthy and comprehensive agency manual governing the complex workings of the Medicare Secondary Payer program and reflects the longstanding policy of the agency. While the majority opinion is correct when it says that such policy statements and guidance interpretations are not entitled to the force of law, it ignores what is required of us in the way of deference to agency interpretations of the complex statutory and regulatory schemes they administer. Statements and guidance interpretations such as the Medicare Secondary Payer manual “reflect ‘a body of experience and informed judgment to which courts and litigants may properly resort for guidance,’ ” Fed. Express Corp. v. Holowecki 552 U.S. 389, 399, 128 S.Ct. 1147, 1156, 170 L.Ed.2d 10 (2008) (quoting Bragdon v. Abbott, 524 U.S. 624, 642, 118 S.Ct. 2196, 2207, 141 L.Ed.2d 540 (1998)), and they should not be lightly disregarded. In my view, the Secretary’s interpretation of the Medicare Secondary Payer statute and regulations embodied in the manual is entitled to some deference.[1] Id.; see also, e.g., United States v. Mead Corp., 533 U.S. 218, 234, 121 S.Ct. 2164, 2175, 150 L.Ed.2d 292 (2001) (explaining that agency interpretations “may merit some deference ... given the ‘specialized experience and broader investigations and information’ available to the agency” and “the value of uniformity in its administrative and judicial understandings of what a national law requires” (quoting Skidmore v. Swift & Co., 323 U.S. 134, 139, 65 S.Ct. 161, 164, 89 L.Ed. 124 (1944))). Because I find the agency’s guidance sufficiently persuasive on the record before us, I would affirm the Secretary’s decision under the deferential standard of review applicable to our review of agency decisions.

. In sharp contrast to the way the majority dismisses the Secretary’s reliance on the Manual here, this court has held that the Handbook developed by the Secretary of the Interior and the Fish & Wildlife Service is in fact entitled to Chevron deference. Miccosukee Tribe of Indians of Fla. v. United States, 566 F.3d 1257, 1273 (11th Cir.2009).